IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| | § § | **C O M P L A I N T** |
| v. | § § § | **JURY TRIAL DEMANDED** |
| BRINKER INTERNATIONAL PAYROLL COMPANY, L.P. d/b/a CHILIS GRILL & BAR; and BRINKER INTERNATIONAL, INC., | § § § § § § | |
| Defendants. | § § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Morgan Wood and Marlee Boulia. As alleged with greater particularity in paragraphs below, Brinker International Payroll Company d/b/a Chilis Grill & Bar; and Brinker International, Inc. ("Defendants") discriminated against Wood and Boulia on the basis of their sex, female, by subjecting them to a sexually hostile work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   Defendants' corporate headquarters are located within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission (the "EEOC," or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.   At all relevant times, Defendant Brinker International Payroll Company L.P. d/b/a Chilis Grill & Bar, a foreign limited partnership, has continuously been doing business in the State of Texas and the City of Dallas, and has continuously had at least 15 employees.

5.   At all relevant times, Defendant Brinker International Payroll Company L.P. d/b/a Chilis Grill & Bar has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.   At all relevant times, Defendant Brinker International, Inc., a Delaware corporation, has continuously been doing business in the State of Texas and the City of Dallas, and has continuously had at least 15 employees.

7.   At all relevant times, Defendant Brinker International, Inc., has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Morgan Wood filed a charge with the Commission alleging violations of Title VII by Defendant Brinker International Payroll Company L.P. d/b/a Chilis Grill & Bar.

9. On February 8, 2022, the Commission issued to Defendant Brinker International Payroll Company L.P. d/b/a Chilis Grill & Bar a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. On May 10, 2022, the Commission issued to Defendant Brinker International Payroll Company L.P. d/b/a Chilis Grill & Bar a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. Defendant Brinker International, Inc. is the parent company to Defendant Brinker International Payroll Company L.P. d/b/a Chilis Grill & Bar. In this capacity, it participates in management and operations decisions made by Defendant Brinker International Payroll Company L.P. d/b/a Chilis Grill & Bar.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least February 2019, Defendants have engaged in unlawful employment practices at 1081 S. Preston Road, Prosper, Texas 75078 in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2. They are headquartered at 6820 LBJ Freeway Dallas, Texas 75240.

14. Defendants own and operate a number of Chilis Grill & Bar, casual restaurants, spanning across the United States.

15. Defendants subjected Morgan Wood and Marlee Boulia to discrimination based on their sex, female.

## MORGAN WOOD

16. Morgan Wood worked for Defendants from December 10, 2018 to May 23, 2019. Morgan Wood started her employment as a Hostess and was promoted to Runner in approximately April 2019. Wood was 16 years old when she started working for Defendants. This was her first job.

17. Beginning in February 2019, Leandro Francisco Centeno-Ramirez, 36-year-old Cook, whom Wood knew as Javier Ceron, began to make unwelcome sexual remarks to Wood. At first, he would tell Wood that she was beautiful.

18. These remarks escalated in frequency and degree of explicitness after Wood became a Food Runner in April 2019. As a Food Runner, Wood was more often in the kitchen where Ceron worked.

19. Ceron regularly asked Wood intrusive questions about her body and sex life, sometimes multiple times per day. Ceron asked Wood whether a man had ever seen her breasts, whether she had ever had sex, whether she shaved her groin, and whether anyone had ever touched her in a sexual manner.

20. Ceron began making similar comments in Spanish, which another coworker translated for Wood. As translated, Ceron crudely propositioned Wood for sexual intercourse.

21. These remarks were made in the presence of an Assistant Manager who did not prevent Ceron from continuing to make harassing remarks or discipline him for doing so.

22. Other coworkers informed Wood that Ceron had been making crude sexual remarks about her and speculating about her sexual history to other employees.

23. Wood repeatedly rejected Ceron's advances, told him his behavior was inappropriate, and walked away from him upon hearing the unwelcome harassing remarks.

24. Ceron's behavior was well-known in the workplace. A female coworker told Wood she should get used to Ceron's language as Ceron would not stop.

25. On May 18, 2019, Ceron sexually assaulted Wood in the restaurant while they were working.

26. The evening of May 18, 2019, Ceron made several unwelcome sexual comments to Wood despite Wood's requests that he stop.

27. Shortly thereafter, Wood went to the back of the restaurant alone to get food from the warmer station. Ceron approached Wood from behind and roughly grabbed her buttocks, causing her some pain. Wood then turned around to face Ceron, at which point he grabbed her by her hips and began kissing her neck. Charging Party tried to pull away and told him "no" and "stop." After a several seconds, Ceron stopped and walked away.

28. Wood went directly to report the assault to a manager on duty. However, the managers were busy and asked her to wait. While she waited, Ceron approached Wood from behind and kissed her on the cheek without consent.

29. By the time Wood spoke to a manager, she was in tears. The manager responded that he had known Ceron for over 10 years and Ceron would not have behaved how Wood described.

30. Wood ended her shift early and left the restaurant with her father. Defendants then removed Wood from the schedule pending investigation of her allegation of sexual assault. Ceron was not removed from the schedule.

31. On May 19, 2019, Wood reported her sexual assault by Ceron to the Prosper, Texas Police Department. Wood cooperated with the police throughout their investigation.

32. On May 19, 2019, Wood returned to the restaurant on the request of the Prosper Police Department and requested her personnel file. The manager with whom she spoke told her the file had been thrown away.

33. A Team Member Relations employee who did not work onsite interviewed Wood over the phone but never went to the restaurant or spoke to anyone involved in person. The investigation consisted of telephonic interviews of only three individuals. The Team Member Relations employee then concluded the allegation could not be corroborated and simply closed the case without taking any corrective or preventative action.

## MARLEE BOULIA

34. Boulia worked for Defendants from June 29, 2018 to October 30, 2019 in various non-management positions. She was 16 at the time of her hire. This was her first job.

35. During Boulia's employment, a number of her male coworkers, including Ceron, made sexual remarks directly to her. Examples include intrusive questions about Boulia's relationships, what sexual positions she enjoyed, sexual remarks about her body, and statements of intent to pursue sexual conduct with Boulia once she turned 18.

36. One coworker followed Boulia into a shed behind the restaurant where Boulia was picking up supplies for the kitchen. He locked the door behind him and implied sexual conduct. Prior to this event, the same individual would whistle at Boulia on a regular basis, make

crude comments about her backside every time she walked to the back of the kitchen and stand very close to her. He would mime grabbing her backside and then pull his hands away at the last second.

37. On another occasion, around the end of April 2019, a group of Cooks, including Ceron, told Boulia they would pay money to watch her kiss a female co-worker and pressured Boulia to do so despite her saying she did not want to do so.

38. In or around August 2019, Defendants' management held a "biggest loser contest" during which employees, mostly female, were pressured to lose weight, weighed in at work, and were subjected to degrading comments on the weight, size, and attractiveness of their bodies relative to the bodies of coworkers.

39. Management was physically present when many sexual comments were made by employees, including Ceron, but failed to take any steps to correct the harassing conduct of employees and instead would laugh along with the harassers.

40. After Wood's employment ended, a manager told Boulia and other employees that Wood was fired for lying about a coworker assaulting her. Such characterization by a manager about an employee who complained about harassment operates to intimidate an employee, creating a chilling effect likely to deter complaints and reports or other protected activity with respect to sexual harassment that is experienced or observed

41. The unlawful employment practices complained of in paragraphs 14–42 above were intentional.

42. The unlawful employment practices complained of in paragraphs 14–42 above were done with malice or with reckless indifference to the federally protected rights of Wood and Boulia

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, or which facilitates, condones or encourages employees to create a hostile environment based upon sex.

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Morgan Wood and Marlee Boulia, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D. Order Defendants to make whole Wood and Boulia by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14–42 above in amounts to be determined at trial.

E. Order Defendants to make whole Wood and Boulia by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14–42 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Wood and Boulia punitive damages for their malicious and reckless conduct, as described in paragraphs 14–42 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

GWENDOLYN REAMS
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

ROBERT CANINO
Oklahoma Bar No. 011782
Regional Attorney

SUZANNE M. ANDERSON
Texas Bar No. 14009470
Assistant Regional Attorney

/s/Alexa Lang
ALEXA LANG
Texas Bar No. 24105356
Trial Attorney
Alexa.Lang@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Dallas District Office
207 S. Houston St. 3rd Floor
Dallas, Texas 75202
(TEL) (972) 918-3648
(FAX) (214) 253-2749